■ In the Matter of BRUCE SOLTIS, Appellant, v. ALFRED F. SAMENGA, as Judge of the District Court, Nassau County, Respondent.— In a proceeding pursuant to article 78 of the CPLR to compel respondent to transfer from the District Court, Nassau County, to either the Supreme Court or the County Court, in Nassau County, the hearing which has been ordered to determine whether petitioner is a narcotic addict, under article 9 of the Mental Hygiene Law, the appeal is from a judgment of the Supreme Court, Nassau County, entered May 8, 1969, which denied the application and dismissed the petition. Judgment affirmed, without costs. The issue on this appeal is whether petitioner has been denied the equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States because a hearing in the District Court to determine whether he is a narcotic addict will be before a 6-member jury whereas in the Supreme Court or the County Court it would be before a 12-member jury. In *People v. Fuller* (24 N Y 2d 292) the Court of Appeals held that section 208 (subd. 2) of the Mental Hygiene Law violates the equal protection clause because it fails to accord a convicted addict a jury trial on the issue of his addiction, whereas section 206 (subd. 4) of that statute does so provide in civil commitment cases. The court concluded its opinion as follows (p. 309): "Since there has been a reversal to assure the defendants jury trials on the addiction hearings and since such jury trials are not available in New York City Criminal Court [where the action arose], the proceedings should be remitted to that court with directions that the hearings be transferred to the Supreme Court [New York County] for trials before juries there to be selected." On the instant appeal petitioner in effect contends that since the language of the above-quoted passage mandated a New York County Supreme Court trial, wherein juries are composed of 12 persons (see N. Y. Const., art. VI, § 18; *Cancemi v. People*, 18 N. Y. 128), he is likewise entitled to trial by a 12-member Supreme Court jury in Nassau County. We disagree. Although *Fuller (supra)* mandated a jury trial, it could not be held in the New York City Criminal Court, where the action arose, because that court is not authorized by statute to hold such trials (N. Y. City Crim. Ct. Act, § 40). The action also could not be tried in the New York City Civil Court because a reading of article 2 of the New York City Civil Court Act makes it clear that the jurisdiction of that court does 'not extend to the type of hearing under consideration. Finally, since there are no County Courts or District Courts within New York City, the *Fuller* hearing had to be held in the Supreme Court, and the Court of Appeals so held. Nassau County, however, unlike New York County, has District Courts with jurisdiction over both civil and criminal cases (UDCA, arts. 2, 20). Trials in the District Court are before 6-member juries (UDCA, §§ 1305, 2011). In our opinion, the District Court has jurisdiction to empanel 6-member juries to hear criminal narcotic addiction cases under sections 207 and 208 of the Mental Hygiene Law; and such trials would not be violative of petitioner's right to equal protection. In *Matter of Hogan v. Rosenberg* (24 N Y 2d 207), the Court of Appeals rejected a contention that the appellant there would be denied equal protection because his misdemeanor trial in New York County was to be held without a jury, whereas juries were empaneled for such trials outside the counties within New York City. We are bound by the analogy drawn from that decision.

(The Supreme Court has recently noted its probable jurisdiction on an appeal to that court in that case [sub. nom. Baldwin v. New York, 395 U. S. 932].) Finally, we note that in subdivision 1 of section 206 of the Mental Hygiene Law the Legislature has provided that civil certification that a person is a narcotic addict shall be by a Justice of the Supreme Court or by a Judge of the County Court (either of whom presides over a 12-member jury), whereas subdivision 2 of section 208 of that statute, the one declared to be unconstitutional in *Fuller* (*supra*), merely provided that a hearing "shall be conducted *by the court* without a jury" (emphasis added). In other words, the Legislature did not limit the latter section to apply only to Judges (and/or Justices) who preside over 12-member juries, because it made misdemeanors triable either by six-member juries outside New York City (UDCA, §§ 2001, 2011) or without juries within New York City (N. Y. City Crim. Ct. Act, § 40). Since the Court of Appeals in *Fuller* did not pass on the issue at bar, we are not willing to go so far as to read into subdivision 2 of section 208 of the Mental Hygiene Law a provision that not only must the hearing be before a jury (as mandated by *Fuller*), but that the jury should be composed of 12 members and should be presided over by a Supreme Court or County Court Justice (as petitioner would have us hold). In conclusion, therefore, we see no reason at the present time why we should declare the six-member jury system to be unconstitutional. Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.